2018-18-86 Mr. Whitman, when you are ready. Thank you. Robert Whitman for Appel and Chambond, the patent owner. So the issue here regarding claim construction is a narrow one. One claim term, the term channel, appears in the claims of multiple related patents that all share the same specification. The board construed the term channel in the 822 patent, which is at issue here, as any path for transmitting signals. This is inconsistent with the board's claim construction finding in six other IPR petitions directed to related patents. It's inconsistent with the claim language itself in the 822 patent and all remaining intrinsic evidence. So the claims of the patent at issue here, the 822 patent, recite RF signals having channels. The claims of the related patents that share the same specification as the 822 patent, recite RF signals having RF channels. Isn't it true that RF signals can have different kinds of channels? I mean, there could be radio frequency channels, but there's also other kinds of channels, right? In the context of the intrinsic evidence in all patents, including the 822 and the related patents, in the board even found, when discussing the invention, it was a specific traditional type of channel, frequency band. That channels in the... That's your position. I understand that. But to follow up on Judge Stoll's question, isn't it true that RF signals can be transmitted through various modulation schemes, not just FDMA, but CDMA as well? In a vacuum, that would be true, but in the context of the intrinsic evidence, CDMA... Right. Your argument is in the context of this patent, the way the written description is written, there's something about your usage of the term channel that channels us all to think about RF channels, right? Yes, and there's... I can unwind that in a couple ways. So an RF signal having a channel, the channel is necessarily an RF channel. It's an RF signal. Some patents recite RF signals having RF channels. Some patents recite RF signals having channels. But since the parties agree, RF just stands for radio frequency, and the parties agree that that's just a spectrum, one portion of the electromagnetic overall spectrum. So RF is just a modifier. It means radio frequency. So a radio frequency signal having a radio frequency channel is no different than a radio frequency signal having a channel. Since it's an RF signal, it necessarily has to be a radio frequency channel in an RF signal. So you're again equating RF signals on a channel with necessarily the channel being an RF channel. And that takes me back to what I thought we agreed on, which is that RF signals don't necessarily have to be on RF channels. There can be other modulation schemes in working with transmitting RF signals. There could be an evacuate. Even the board found here in the intrinsic evidence, all discussion of the invention was in the context of a traditional channel, which is a frequency band. There's no mention of non-traditional unique types of channels like in CDMA and the intrinsic evidence. There's no mention of CDMA at all. So what happened here, even Cisco agrees that RF signals having channels, that those channels are necessarily RF channels. And the board determined that Cisco's expert in his declaration that he submitted with the petition said that. Can you tell us where that is in the appendix? That is appendix 5520552, paragraph 122. Doctor, I'm sorry, Mr. Wechsler. I'm sorry, what was that again? I apologize. Did you say 552? That's correct, appendix 552. So this is where Cisco's expert stated. And the claim phrase at issue in the 82 patent is RF signals containing multiple channels. Which paragraph are you looking at? 122. Okay. And I'm on page 552. I think it continues on to 553. Okay. And the quote itself may be on 553. So when considering the 822 claim phrase, RF signals containing multiple channels, Mr. Wechsler said, this is directed to, quote, RF channels, that is channels in an RF signal, unquote. Well, that could be somewhat ambiguous what he's referring to there when he says that is channels in an RF signal. And then it goes on to say, but not specify or require a particular type of multiplexing or modulation to provide the channel in the RF signal. So to me, the remainder of the sentence that you did not quote clarifies what he's getting at in this declaration when he refers to RF channels. That means any kind of channel that can carry an RF signal regardless of the multiplexing or modulation to provide the channel in the RF signal. Yeah, I think if we start right back at the beginning of this paragraph and the previous paragraph as well, we see that Cisco's expert started with the assumption that the construction was path, path for transmitting electrical signals. And in the beginning of paragraph 122, he then says, nothing suggests another meaning is necessary. And then he jumps into dictionary definitions. And that's exactly what the board did as well. So the claim construction here is somewhat backwards. There's an assumption that the construction should be path. And then the board and Cisco and Cisco's expert went through the dictionaries first and said, aha, we could justify that via some arbitrary dictionaries. And we looked at the specification. There's nothing that contradicts that in the specification. But that's backwards. And when the board considered the other related IPRs, the board started with the specification and said, I'm looking at all of the embodiments. And all of the embodiments are directed to a traditional type of frequency, frequency band. What if we conclude that what the board did here was first try to figure out whether the term channel has an ordinary meaning in the art, divorced from the patent, and found that there was, but then also investigated the specification and concluded that the specification did not use the term channel in a way that was interchangeable with RF channel, but instead was consistent with the backdrop understanding. I mean, you had your own expert explain how channel is a very broad term. And the term channel itself doesn't say anything about which type of modulation scheme is used. And so when the board looked at the written description, it didn't see anything that defined down that ordinary broad understanding and conception of channel to be necessarily RF channel. Yes, there are embodiments that describe an RF channel, but not so much in a way that says it must be an RF channel, especially when the written description also talks about other things like the use of digital PCS and cellular telephones. And we know that those things aren't necessarily required to be using FDMA. It could be CDMA. Yes. Well, let me explain. So starting with our expert, he immediately followed up and said, in the context of this patent, a channel can only be a frequency band. And he addressed that section of the specification which was talking about that. When I mentioned PCS and cellular telephones, never mention the word channels. It's just a technology. There is, yes, a special unique type of cellular technology called CDMA that uses nontraditional channels. CDMA is not mentioned at all. The patent did talk about digital channels and analog channels and just traditional transmission. But in that context, our expert explained it's still a frequency band. That testimony was unrebutted. Our expert explained that in all contexts, even in the background, the channels discussed were traditional frequency bands. There was nothing that suggests to go outside of the box and consider a nontraditional channel. It just doesn't fit in the invention. The board explained that when considering the other IPRs as well. When considering the term RF channel, the only difference between RF channel and channel is the modifier radio frequency. The underlying noun is the same. An RF channel is the same as a regular channel, but for the modifier RF, which just adds radio frequency. By removing the modifier RF, it doesn't transform the noun into something different. If there are multiple different types of channels and one of those types is RF channel, why doesn't the RF impart some meaning to the word channel? It does. The parties agree that RF stands for radio frequency. It's just a portion of the electromagnetic spectrum. So you don't think it means it's a frequency channel? That's right. The channel itself is a frequency band. RF simply clarifies that it's a frequency band in the radio frequency spectrum. What about a coded channel? Coded channel is a nontraditional channel. That's a CDMA channel, not mentioned anywhere in the intrinsic evidence, not in the patent. When you say the intrinsic evidence, you mean the claims and the specification, right? Claims and specification and the file histories. And the IPRs for the related patents are now part of the file history. It's all intrinsic evidence as well. Your case is kind of interesting because it's a little bit of a struggle. You say it really brings to bear on the idea of how much do we rely on the embodiments disclosed in the specification to interpret a claim? What doctrine do we rely on? Are we reading in radio frequency from the claim, which is something we're not supposed to read in from the specification into the claim? Or are we interpreting the claim in light of the specification to say that because every embodiment in the specification talks about a frequency channel, we're supposed to read in frequency channel, even though in this set of claims, it seems as if the patent owner has purposefully omitted that term. So how do you stand on that? First, the term in the other patent is RF signals having RF channels. So RF is already in the claim, RF signals, radio frequency signals. Right, it's in both claims. It's in both claims. And we've already established that radio frequency signals can be put into different types of channels. Outside of your specification, but you know, right? If it's divorced from the specification in a vacuum, that may be true. But in the context of the intrinsic evidence, there's no suggestion of nontraditional coded channels. It doesn't fit. It just doesn't apply. And the way that the board got there was by saying, well, let's look at the background section. It talks about digital channels and analog channels. Those are still traditional channels. A couple sentences later, it mentions PCS and cellular, but not in the context of channels. And then take a logical leap and say, well, cellular, there's a special type of cellular, CDMA. So therefore, the intrinsic evidence must somehow be contemplating CDMA. But that's changing the intrinsic evidence. There's no suggestion that cellular in the context of the background of the patent is anything but traditional cellular. Are there other types of channels? Aren't there like time division channels? For the same reason, those are not, they don't fit into the context of the invention, which is combining channels to increase data rate. These are just traditional frequency division channels. Go back to the beginning of television. Standard, our expert explained it in all contexts. This fits. It's the only thing that fits. Where does BRI fit in here? BRI is with the other IPRs. When the board was considering the term RF signals having RF channels, under BRI, the board said that's a frequency band. All the parties agreed that was correct. The board got it right. RF channels in an RF signal means frequency band. We now turn to the other patent, RF signals having channels, and frequency band is just simply thrown out. The underlying noun, the common denominator. Well, it's not there. It's not the adjective that describes channels anymore. The adjective being radio frequency spectrum having nothing to do with the frequency band. It's just a channel, and the radio frequency spectrum exists below infrared and gamma frequencies and above audio frequencies. It's just a portion of the electromagnetic spectrum. So, for example, a gamma channel is not an RF channel. An infrared channel is not an RF channel. It's not a channel in the radio frequency spectrum. That's what the claims are reciting. A signal in a radio frequency spectrum having channels in the radio frequency spectrum. Counsel, you're just about through your time, including rebuttal time. Why don't we hear from the other side, and we'll give you two minutes for rebuttal. Thank you. Mr. Stacey. Good morning, Your Honors. May it please the court, I think I'll try to pick up on the line that was just going about RF channel versus channel. And the patent owner needs to equate those two terms to win on this issue. But when you go back and look at what the board did on the 556, if you look at appendix page 27, the board made a finding that the term RF channel was used consistently in the specification. In other words, implied definition to refer to a frequency band channel. So looking at that term in the abstract, you really have to look at what the patent office or what the PTAB already did. They found an implied definition of RF channel that linked it to frequency band. Here in this patent, we do not have RF channel, we just have channel. And as Your Honors pointed out, the channel by itself is a broad term. And when you go to Mr. Wexlerberger's declaration, when you read that entire paragraph at 122, he points out exactly what he means in that channel in this patent is often used with some other term to identify what type of channel. So it used RF channel to define the frequency band channel, according to the patent office. And it talks about analog channels and digital channels. So what they're asking you to do is take a generic term, a broad term, that no one disagrees is a broad term, and read something in there that would narrow the definition. So what's the reason for doing that? If you go through your standard claim construction canons here, we look at the claims. Does the claim dictate that channel should be narrowed to frequency type channel? Well, there's nothing in the claims that they point to other than the word RF signal. And what does RF signal tell us? It tells us nothing. RF signal just tells us which portion of the electromagnetic spectrum we're talking about. The electromagnetic spectrum goes from gamma rays to visible light down to radio signals. And it just tells us which portion of this spectrum we're in. But you can have multiple types of channels within any type of radio frequency. And if you look at Mr. Wechslerberger at paragraph 122 that was brought up, he actually points out where those different channels were used. So there's nothing in the claims that require it. Now you look back to your spec, just going through your standard claim constructions, there's no specific definition of RF channel. If there was, no one would be here on this. And then that leaves us with, is there some kind of implied definition? And the most you have here is that they have a preferred embodiment that uses specific types of frequency channels. In this court, it's found over and over again that a single embodiment, even if it's just described as a single embodiment, much less as a preferred embodiment, doesn't justify reading something from the spec into the claims. And we don't even have that standard single embodiment language here. What we have is the single embodiment with lots of statements saying, well this is one embodiment, this is the preferred embodiment, you can broaden this out. There's nothing inherently limited about this invention to a frequency embodiment. How do you respond to the argument that the board's construction here is inconsistent with the construction it arrived at in the other related cases? The board took that on directly. They were accused of that in the hearing, and that's at appendix page 27. And what the board said is that when we defined RF channel in the 556 patent, and these other patents, that RF channel, they found a consistent usage throughout the spec, where every time that they used RF channel, it was tied to the embodiment that had a frequency band limitation. So they found an implied definition for RF channel in the spec. And when you remove that RF, now you're not looking at the same term anymore, you don't have the implied definition anymore. The other two issues weren't addressed in opening, and I don't know if the panel has any questions. You're entitled to address them. Okay. Well, the one I would like to address is the Qualcomm reference, where their only issue is due process, that they weren't given due process. There seems to be a little bit of confusion in the briefing about that. Just to point out, to make everything clear, and probably my fault on the briefing, there were two grounds that were put in the petition, Grounds 1 and Grounds 2. Ground 1 was not instituted. Ground 2 was instituted and resulted in the final written decision. The statement that they point to about Qualcomm in the board's alleged disavowal of using Qualcomm as prior art relates solely to Ground 1. And you can see that in the board's decision. It's solely with Ground 1. As for Ground 2, the board actually refers to the Wechselberger Declaration, AWD Declaration, paragraphs 203 and 204, that are the Qualcomm material. So if you follow all the way through, you start with the Wechselberger Declaration that went with the petition. That's Appendix 606 and 607. Those are paragraphs 203 and 204. They're in the original declaration. In the original petition, you'll find those same paragraphs, 200 through 204, utilized at Appendix 116 and 117. So we're now in the petition. So Qualcomm's squarely in the petition. And then when you look at the institution decision for Ground 2, the only one that was carried through, you're looking at Appendix 224. It cites to the Wechselberger Declaration, 203, 204. So now we're all the way into the institution decision. And when you get to the final written decision on Ground 2, the board again refers to, at Appendix 39, the Wechselberger Declaration, 203 and 204. So Qualcomm goes from the beginning to the end for Ground 2. And there's no statement by the board ever that they would not consider Qualcomm as bolstering evidence for Ground 2. The statements that are pointed to by my opponent are solely related to Ground 1, which died on institution. And the final piece would be on obviousness. Their argument is not that the combination is improper, not that it can't be done, but that the board didn't articulate its decision properly. There are almost 10 pages of description explaining the obviousness combinations and many, many individual fact findings on that. So the board actually not only went through and affirmatively laid out several facts on why these could be combined. The board then specifically went and rebutted the evidence that my opponents put forward that said there's not sufficient description and pointed to fact evidence both from the experts and from the record. So I didn't hear anything specific today, of course, but within those nine pages there seems to be significant evidence, but definitely substantial evidence to support the board's obviousness findings. And following on my previous colleague, unless you have any questions, I will surrender the rest of my time. Thank you, Mr. Stacey. Mr. Whitman has a couple of minutes for rebuttal. Follow up quickly on the claim construction issue. So Cisco has done a complete about-face on the claim construction here in this case. In their petition, they argued that the term RF was just a modifier. They proposed for the other related patents that the term RF channel meant an RF path for transmitting signals. They said for this patent, the term channel without the RF modifier simply meant path for transmitting electrical signals. RF, in all instances, is just an adjective, a clarifier, a modifier. It just adds radio frequency spectrum. Cisco, in its original petition, agreed with that. In the construction of RF channel, it threw in RF because it's undisputed RF just simply means radio frequency spectrum. In the term channel without the modifier RF, they just removed it, just took RF out and left it as path. But in all instances, the underlying noun, channel, remained constant. In Cisco's construction, it was always a path. It was either an RF path or a path. The board, however, said for an RF channel, it's a frequency band. And they said every embodiment, every embodiment disclosed discusses frequency bands. They went to the background. I think they made a mistake interpreting the background, read in CDMA where it doesn't exist and said, we're going to change basically the entire definition of channel now when we remove the simple words RF. We remove RF, we remove the clarifier, we remove the modifier, and now a frequency band becomes any path whatsoever. They basically changed the definition of the underlying term channel. And Cisco recognized that back in the original petition. So that's we, DeNovo. We believe that construction cannot stand. We believe that construction is inconsistent, and we ask that it be reversed. Thank you. Thank you, counsel. The case is submitted.